THE STATE OF OHIO, APPELLEE, *v.* SUMMERS, APPELLANT.

313

(No. 72AP-141—Decided September 19, 1972.)

Mr. *George C. Smith*, prosecuting attorney, and *Mr. Eugene Paul Weiss*, for appellee.
Mr. *Roy F. Martin* and Mr. *Bernard Z. Yavitch*, for appellant.

WHITESIDE, J. This is an appeal from a judgment of the Franklin County Court of Common Pleas sentencing defendant to be imprisoned in the Ohio Penitentiary following his conviction of a charge of violating R. C. 2907.15.

At the time of sentencing defendant apparently requested that he be given credit toward his sentence for time spent in jail awaiting trial as well as for time spent in jail following his conviction while a presentence investigation was conducted. The trial court recommended that defendant be given credit for the time spent in jail pending the presentence investigation, but made no such recommendation with regard to the time spent in jail awaiting

trial stating "we are not permitted by statute to give credit."

Defendant appeals, assigning a single error as follows:

"A timely motion having been made by defendant, the trial court erred in failing to credit to defendant's sentence all time spent in jail prior to trial and commitment."

Under Ohio law, generally, sentences for the commission of felonies are determined by statute with no discretion vested in the trial court as to the sentence. Generally, the only discretion possessed by the trial court with regard to disposition following conviction for a felony is whether to place the defendant on probation or to impose the statutory sentence. The trial court has no discretion as to either the minimum or maximum sentence to be imposed, but, rather, the sentence is fixed by statute. In *Colegrove* v. *Burns, Sheriff* (1964), 175 Ohio St. 437, 438, it is stated, in a *per curiam* opinion of the Ohio Supreme Court:

"The crimes to which petitioner pleaded guilty are felonies, the penalties for which are defined by statute. Crimes are statutory, as are the penalties therefor, and the only sentence which a trial court may impose is that provided for by statute. A court has no power to substitute a different sentence for that provided for by statute or one that is either greater or lesser than that provided for by law. Section 5145.01, Revised Code."

R. C. 2967.191 does confer upon the trial court the power to recommend a reduction in "the minimum sentence of a prisoner by the number of days the prisoner was confined at the county jail or workhouse or confined at a state facility for a pre-sentence examination as provided in Section 2947.25 of the Revised Code after a verdict or plea of guilty and before commitment." Such recommendation is made to the adult parole authority who "upon proper certification by the trial judge of time served, in the journal entry of sentence and upon recommendation of the trial judge may" make such reduction in the minimum sentence of a prisoner. Defendant contends that this section is unconstitutional because it does not afford him credit for time he was confined in the county jail awaiting trial.

However, if R. C. 2967.191 is unconstitutional, then this would leave the trial court with no discretion whatsoever. What defendant really seeks is for this court to amend and modify R. C. 2967.191 to provide that the trial judge may order the adult parole authority to reduce both the minimum and maximum sentence of a prisoner by the number of days which he was confined in county jail awaiting trial.

Defendant relies upon *Workman* v. *Cardwell* (1972), 31 Ohio Misc. 99, decided by the United States District Court, Northern District of Ohio, Eastern Division. In that case, it is true that the federal district court did determine that R. C. 2967.191 is unconstitutional, stating at page 113:

"This section is unconstitutional on its face. In substance, it compels an indigent prisoner to be confined for a period longer than one who is released on bail between verdict or plea and commitment. The Equal Protection Clause requires that *all* time spent in any jail prior to trial and commitment by prisoners who were unable to make bail because of indigency *must* be credited to his sentence. * * *"

Even assuming the correctness of the district court's conclusion, which is far from clear, this decision is not controlling. The action in the federal district court was in habeas corpus and that court apparently determined that it had jurisdiction to determine the issue in habeas corpus. The writ of habeas corpus was directed to the warden of the institution in which the defendant therein was imprisoned and not to the trial court. The federal district court took no cognizance of the Ohio statutory procedure regarding sentences, nor of the fact that the trial judge has no discretion as to the length of either the minimum or maximum sentence to be imposed, nor as to when a person imprisoned in a penitentiary is to be released or is to be considered for parole. These are all matters controlled by statute and not within the discretion of the trial court.

Defendant in effect seeks a commutation of his statutory sentence by the amount of time that he spent confined in jail awaiting trial. R. C. 2967.01 defines commutation of sentence as "the substitution by the governor of a

lesser for a greater punishment." That section further provides that "The commutation may be stated in terms of commuting from a named crime to a lesser included crime or in terms of commuting from a minimum and maximum sentence in months and years to a minimum and maximum sentence in months and years." Furthermore, R. C. 2967.07 provides that all applications for commutation of sentence "shall be made in writing to the adult parole authority." When such an application is made, the adult parole authority is required to make "a thorough investigation into the propriety of granting" the requested commutation and make a report in writing to the governor including "a brief statement of the facts in the case, together with the recommendation of the authority."

Ohio law does not vest jurisdiction in the trial court to determine whether a prisoner should be granted credit for either his minimum or maximum sentence for time he was confined in a county jail, or otherwise, awaiting trial. Rather, Ohio law vests jurisdiction to make such a determination in the governor following a thorough investigation and recommendation by the adult parole authority upon application by the prisoner. Whether denial of such commutation under the circumstances of this case would constitute a denial of equal protection of the law, as suggested by the federal district court in the *Workman* case, *supra,* is not an issue properly before this court at this time, nor was it an issue that could have been determined by the trial court.

For the foregoing reasons, the assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and REILLY, JJ., concur.